IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CASEY FOX, NANCY FOX, and FOX LAKE RANCH LLC<br><br>    Plaintiffs,<br><br>v.<br><br>MEDINA LAKE TX PROPERTY ASSOCIATES, LLC; BNP PARIBAS; and FIRST AMERICAN COMMERCIAL PROPERTY GROUP-AUSTIN, LLC<br><br>    Defendants. | Case No. 20-cv-00913 |

### DEFENDANT BNP PARIBAS' NOTICE OF REMOVAL

Defendant BNP Paribas ("BNPP") files its Notice of Removal of this action from the 198th Judicial District Court, Bandera County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.

### BACKGROUND

1. On August 5, 2020, Plaintiffs Casey Fox, Nancy Fox, and Fox Lake Ranch LLC (collectively, "Plaintiffs") commenced an action in the 198th Judicial District Court, Bandera County, Texas, Cause No. CVOR-20-0000246 (the "State Court Action"). The named defendants in the State Court Action are BNPP, Medina Lake TX Property Associates, LLC ("MLTPA"), and First American Commercial Property Group-Austin, LLC ("First American"). A copy of Plaintiffs' Original Petition (the "Complaint") in the State Court Action is attached as Exhibit A-1.

...

...

2. This action centers around a 2016 sale involving certain real property at Medina Lake in Bandera County, Texas. According to the Plaintiffs' allegations, the property at issue consists of two contiguous parcels—one encompassing acreage above the lake's 1084-foot elevation line (the "Goat Hill Property") and the remainder encompassing property located below the elevation line (the "Lake Bottom Property," together the "Properties"). Compl. ¶ 9. Plaintiffs allege that the 1084-foot elevation line marks the top of the dam that forms Medina Lake and "is necessary to make the Goat Hill Property 'lake front' property." *Id*. ¶ 9.

3. The Complaint states that, in 2008, the previous owner pledged its interests in the Properties as security for a loan, which was later assigned to BNPP. Compl. ¶¶ 12-13. By 2014, the borrower filed for bankruptcy and the Properties were sold to MLTPA, which Plaintiffs assert was a "single purpose entity" owned by BNPP. *Id*. ¶¶ 8, 14-15. In the summer of 2016, Plaintiffs contracted with MLTPA to purchase the Properties. *Id*. ¶ 16. Pursuant to the contract, MLTPA conveyed the Goat Hill Property to Plaintiffs via special warranty deed, and separately conveyed the Lake Bottom Property via quitclaim deed. *Id*. ¶¶ 16-17.

4. According to Plaintiffs, a subsequent review of the chain of title revealed that MLTPA had never formally acquired title to the Lake Bottom Property when it purchased the Properties in the bankruptcy sale, due to the fact the deed to MLTPA "fail[ed] to include a legal description of the Lake Bottom Property." *Id*. ¶¶ 18-19. Plaintiffs assert that this gap in the chain of title puts MLTPA in breach of the contract, and that Defendants' statements made in connection with the sale were misleading.

5. On these allegations, Plaintiffs assert causes of action for (1) breach of contract against MLTPA; (2) statutory fraud against all Defendants; and (3) negligent misrepresentation

against all Defendants. Plaintiffs seek monetary relief over $1,000,000.00 and equitable relief. *Id.* ¶ 6.

6. Removal is timely because thirty (30) days have not elapsed since any Defendant received a summons or citation. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal deadline begins on the date the summons or citation is served).

7. BNPP is entitled to remove this case without seeking or obtaining consent of the other named Defendants, which—for reasons described below—are improperly joined parties. *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) ("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined.").

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

8. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiffs and Defendants, excluding the improperly-joined Defendants; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**I.  Complete Diversity Exists Among Plaintiffs and Properly Joined Defendants**

9. Plaintiffs Casey Fox and Nancy Fox are individuals residing in Bandera County, Texas, and Plaintiff Fox Lake Ranch LLC is their wholly owned limited liability company. Compl. ¶ 2. A limited liability company's citizenship is determined by that of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F3d 1077, 1079 (5th Cir. 2008). Therefore, all Plaintiffs are citizens of Texas for diversity purposes.

10. Defendant BNPP is a banking corporation organized under the laws of France. BNPP is not a citizen of Texas for purposes of diversity jurisdiction.

11. MLTPA is a Delaware limited liability company owned by four members that are either citizens of, or have members that are citizens of, New Jersey and France. MLTPA is not a citizen of Texas for purposes of diversity jurisdiction.

12. Upon information and belief, First American is or was a Texas limited liability company and is a citizen of Texas for purposes of diversity jurisdiction.

13. The citizenship of First American and MLTPA may be disregarded because they are improperly joined.

## II.  Defendants First American and MLTPA Are Improperly Joined

14. Under Section 1441(b), diversity cases are removable if "[none] of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b) (2011) (emphasis added); *accord Cantor v. Wachovia Mortg. Corp.*, 641 F. Supp. 2d 602, 606 (N.D. Tex. 2009). Citizenship of an improperly joined defendant is disregarded entirely in determining whether complete diversity exists. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). The doctrine of improper joinder "ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Inc. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).

15. Improper joinder may be established by showing "the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). The removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. Courts usually perform a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the instate defendant." *Id.*

16. If a court determines a defendant is improperly joined, the defendant is effectively dismissed from the action. *Akerblom v. Ezra Holdings Ltd.,* 509 F. App'x. 340, 347 (5th Cir.2013) (per curiam).

    A. <u>Both First American and MLTPA have been dissolved and terminated.</u>

17. Joinder of a defunct entity is necessarily improper because a plaintiff cannot state a viable claim against a terminated company no longer amenable to suit. *See, e.g.*, *Avila v. Ocwen Loan Servicing, LLC*, No. SA-14-CV-807-XR, 2014 WL 5795495, at *3 (W.D. Tex. Nov. 6, 2014) (non-diverse defendant improperly joined because it was dissolved three years prior to suit); *Zeitler as next friend of Arvizo v. CNH Am., LLC*, 6:18-CV-508-RWS-KNM, 2019 WL 3806073, at *2-4 (E.D. Tex. Apr. 2, 2019) (defendant limited liability company was improperly joined and not amenable to suit because it was terminated over three years before plaintiffs filed their petition); *Green v. JPMorgan Chase Bank, N.A.*, No. 3:11-CV-1498-N, 2012 WL 12823699, at *3 n.9 (N.D. Tex. Feb. 9, 2012) (non-diverse defendant was improperly joined because plaintiff could not maintain action against defunct entity); *Darocy v. Chase Home Fin., LLC*, 3:10-CV-1259-L, 2011 WL 1938151, at *6 (N.D. Tex. May 18, 2011) (dismissing defunct defendant from action because plaintiffs' claims against the entity were extinguished after it was dissolved and terminated).

18. First American was a Texas limited liability company that filed its Certificate of Termination on July 28, 2010—a full six years prior to the transaction at issue in this action. *See* <u>Exhibit G</u>. A Texas limited liability company continues in existence for purposes of prosecuting or defending an action only until the third anniversary of the effective date of the entity's termination. TEX. BUS. ORG. CODE § 11.356. Plaintiffs' claims are well past this three-year grace period and thus barred. *See Cohen Acquisition Corp. v. EEPB, P.C.*, No. 14-14-00330-CV, 2015 WL 2404869, at *2 (Tex. App.—Houston [14th Dist.] May 19, 2015, pet. denied) (mem. op.)

(affirming summary judgment for defendant where plaintiff brought suit more than three years after company charter was forfeited).

19.     MLTPA is likewise improperly joined because it is a Delaware LLC whose Certificate of Cancellation was filed with the State of Delaware Secretary of State on February 18, 2019.  See Exhibit F.  A Delaware LLC cannot be sued after its Certificate of Cancellation is filed. *Metro Commc'n. Corp. BVI v. Adv. Mobilecomm Techs. Inc.*, 854 A.2d 121, 138 (Del. Ch. 2004); *Corder v. Antero Resources Corp.*, 322 F. Supp. 3d 710 (N.D. W. Va. 2018) (dismissing cancelled entity as an improper party because a Delaware "LLC cannot be sued after it dissolves and files a certificate of cancellation") (applying Delaware law).

20.     Importantly, even if Plaintiffs' claims against MLTPA were not precluded due to its cancelled status, its joinder would not destroy diversity because it is not a citizen of Texas for purposes of diversity jurisdiction.

B.      The Complaint fails to state a claim against First American.[1]

21.     Plaintiffs' claims against First American are *prima facie* invalid because it was dissolved years before the transaction at the center of this action; it was not, and could not have been, involved as a broker in this sale.  But even assuming this was not the case, its joinder would nonetheless be improper because Plaintiffs state no viable claims against it.

---

[1] The Complaint similarly fails to state a claim against BNPP and MLTPA.  For purposes of this Notice of Removal, however, BNPP focuses on Plaintiffs' claims against First American—the sole non-diverse Defendant—due to its relevance in the Court's attendant "12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the instate defendant." *Smallwood*, 385 F.3d at 573.  BNPP respectfully reserves the right to assert these defenses as they relate to claims against BNPP and MLTPA.

6

22.     Plaintiffs assert claims against First American (and all Defendants generally) for statutory fraud[2] and negligent misrepresentation.[3] But the Complaint makes no specific factual allegations in support of these claims with respect to First American.

23.     The only specific allegation against First American is that it acted as MLTPA's real estate broker for the transaction. Compl. ¶ 16. The Complaint does not specifically identify a single misleading statement. *Id.* ¶ 27. Instead, it merely posits that First American, together with all other Defendants, "advertised [the property at issue] as being lake front property" and "represented . . . that the Goat Hill Property was lake front property, had Medina Lake access, and that [it] had a right to convey the Lake Bottom Property." Indeed, Plaintiffs' fraud claim is expressly based on undefined representations made "[i]n connection with the Contract," to which First American was not a party. *Id.* ¶ 27. And even if Plaintiffs had identified any statements or omissions by First American, the Complaint lacks any factual allegations to suggest that it *knowingly* misled Plaintiffs.

24.     These allegations are insufficient to support a fraud claim under either federal or

---

[2] The elements of an action for statutory fraud based on a real estate transaction are: (1) there was a transaction involving real estate; (2) during the transaction, the defendant made a false representation of fact, made a false promise, or benefitted by not disclosing that a third party's representation or promise was false; (3) the false representation or promise was made for the purpose of inducing the plaintiff to enter into a contract; (4) the plaintiff relied on the false representation or promise by entering into the contract; and (5) the reliance caused the plaintiff injury. TEX. BUS. & COM. CODE ANN. § 27.01; *see Schlumberger Tech. v. Swanson*, 959 S.W.2d 171, 182 (Tex. 1997).

[3] The elements of a negligent misrepresentation claim are: (1) the defendant made a representation in the course of its business, or in a transaction in which it had a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Lennar Corp. v. Great Am. Ins. Co.*, No. 14-02-00860-CV, 2005 WL 1324833, at *30 (Tex. App.-Houston [14 Dist.] June 2, 2005, no pet. h.).

Texas pleading standards. *See, e.g.*, *Cazares et al. v. Segovia*, No. 11-18-00141-CV, slip opinion (Tex. App.—Eastland [11th Dist.] June 11, 2020, no pet.) (affirming dismissal of fraud claim at pleading stage where plaintiff "did not plead any facts to show any materially false representations that [the defendant] made . . . . [or] how [the defendant] intended to induce reliance"); *DeVoll v. Demonbreun*, No. 04-14-00116-CV, 2014 WL 7440314, at *3 (Tex. App.—San Antonio Dec. 31, 2014, no pet.) (holding that because "DeVoll did not allege facts demonstrating reliance or harm, his fraud claim has no basis in law," and affirming dismissal under Tex. R. Civ. P. 91a).

25. The negligent misrepresentation claim is deficient for the independent reason that the Complaint does not allege, as it must, that First American owed any duty of care to Plaintiffs or was otherwise in a relationship of trust. *See McCamish v. F. E. Appling Ints.*, 991 S.W.2d 787, 791 (Tex. 1999) (collecting cases where such a duty was found to apply to auditors, physicians, real-estate brokers, securities placement agents, accountants, surveyors, title insurers, and attorneys). Indeed, Plaintiffs plead no facts that would take their relationship with First American outside of the arms-length commercial relationship.

26. Finally, Plaintiffs do not and cannot plead justifiable reliance, which is a required element for both claims. On its face, the sales contract appended to the Complaint makes clear that: (i) the Property at issue was sold "as is"; (ii) Plaintiffs did not rely on information provided by or on behalf of the seller; and (iii) the Lake Bottom Property was separately conveyed via an unwarranted quitclaim deed. *See* <u>Exhibit A-1</u> at 36, 41-42 (Addendum to Commercial Contract at ¶¶ 1-2, 12, regarding "Property Description," "Property Information," and "As Is Condition of Property").

27. This alone negates Plaintiffs' claim that any action by First American caused their alleged injury. *See Procter v. RMC Cap. Corp.*, 47 S.W.3d 828, 834 (Tex. App.—Beaumont 2001,

no pet.) (a document containing the buyer's disclaimer of reliance conclusively negates the element of reliance); *Diversified, Inc. v. Hall*, 23 S.W.3d 403, 407 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) ("A quitclaim deed conveys any title, interest, or claim of the grantor, but it does not profess that the title is valid nor does it contain any warrant or covenants of title."); *see also Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 161 (Tex. 1995) ("By agreeing to purchase something 'as is', a buyer agrees to make his own appraisal of the bargain and to accept the risk that he [or she] may be wrong.").

28. In sum, even if First American had not been dissolved in 2010, Plaintiffs' claims against it do not come close to meeting the requisite pleading standards. First American is thus improperly joined, and its Texas citizenship may be disregarded for diversity jurisdiction purposes.

**III. The Amount in Controversy Exceeds $75,000**

29. The State Court Action satisfies the amount in controversy requirement under 28 U.S.C. § 1332(a). When removal is sought on diversity grounds, generally "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). The Complaint seeks damages in excess of one million dollars (Compl. at ¶ 6), which establishes the $75,000 jurisdictional minimum.

**ADDITIONAL REQUIREMENTS**

30. Pursuant to Federal Rule of Civil Procedure 81 and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

> **Exhibit A:** Index of documents filed with Defendant BNP Paribas' Notice of Removal, and copies of each document filed in the State Court Action:
>
> > **Exhibit A-1:** Plaintiff's Original Petition (August 5, 2020)
> >
> > **Exhibit A-2:** Bandera County Civil Docket Sheet (August 5, 2020)

    **Exhibit A-3:** Requests for Issuance (August 6, 2020)

    **Exhibit A-4:** Issuance of Citations (August 7, 2020)

    **Exhibit A-5:** Letter Recalling Citation for BNP Paribas (August 14, 2020)

    **Exhibit A-6:** Request for Issuance – BNP Paribas (August 14, 2020)

    **Exhibit A-7:** Issuance of Citation – BNP Paribas (August 17, 2020)

    **Exhibit A-8:** Citation Returned Served – Medina Lake TX Property Associates, LLC (August 26, 2020)

    **Exhibit A-9:** Citation Returned Served – First American Property Group - Austin, LLC (August 26, 2020)

    **Exhibit A-10:** Defendant BNP Paribas' Original Answer (September 3, 2020)

**Exhibit B:** A copy of the Docket Sheet in the State Court Action (printed on September 3, 2020)

**Exhibit C:** Fed. R. Civ. P. 7.1 Disclosure Statement for Defendant BNP Paribas

**Exhibit D:** JS 44 Civil Cover Sheet

**Exhibit E:** Supplement to JS 44 Civil Cover Sheet for Cases Removed from State District Court

**Exhibit F:** State of Delaware Certificate of Cancellation – Medina Lake TX Property Associates, LLC (February 18, 2019)

**Exhibit G:** State of Texas Certificate of Termination – First American Property Group - Austin, LLC (July 28, 2010)

31. BNPP will promptly serve a written copy of this *Notice of Removal* on counsel for all adverse parties and will file the same with the District Clerk of Bandera County, Texas.

## CONCLUSION

WHEREFORE, Defendant BNP Paribas prays that the above-described action now pending in the 198th Judicial District Court, Bandera County, Texas be removed to this Court.

Date:  September 3, 2020                              Respectfully submitted,

        /s/ David P. Whittlesey
David P. Whittlesey
Texas Bar No. 00791920
SHEARMAN & STERLING LLP
111 Congress Ave., Suite 1700
Austin, TX 78701
Tel: (512) 647-1900
david.whittlesey@shearman.com

*Attorneys for Defendant BNP Paribas*

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel, via certified mail, return receipt requested, as set forth below, on this 3rd day of September 2020:

Randall A. Pulman
Ryan C. Reed
PULMAN, CAPPUCCIO & PULLEN, LLP
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
Tel: (210) 222-9494
rpulman@pulmanlaw.com
rreed@pulmanlaw.com

*Attorneys for Plaintiffs Casey Fox,
Nancy Fox, and Fox Lake Ranch LLC*

                                                       /s/ David P. Whittlesey
                                                     David P. Whittlesey